**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JUANITA L. CROSS,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY,
Commissioner of Social Security,

Defendant-Appellee.

No. 23-35096

D.C. No.
3:22-cv-05205-SKV

OPINION

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Argued and Submitted December 4, 2023
Seattle, Washington

Filed January 5, 2024

Before:  N. Randy Smith, Gabriel P. Sanchez, and Salvador
Mendoza, Jr., Circuit Judges.

Opinion by Judge Sanchez

# SUMMARY[*]

## Social Security

The panel affirmed the district court's decision affirming the Commissioner of Social Security's denial of a claimant's application for supplemental security income under Title XVI of the Social Security Act.

Claimant argued that the Social Security Administration's 2017 revised regulations for evaluating medical opinions were partially invalid because they did not provide a reasoned explanation for permitting an administrative law judge to avoid articulating how he or she accounts for the "examining relationship" or "specialization" factors under the Social Security Act or the Administrative Procedure Act ("APA").

The panel held that the 2017 medical-evidence regulations were valid under the Social Security Act. The Commissioner's decision to promulgate the 2017 medical-evidence regulations fell within his "wide latitude" to make rules and regulations, particularly those governing the nature and extent of the proofs and evidence to establish the right to benefits.

The panel joined the Eleventh Circuit in holding that the regulations were valid under the APA. The agency's response to public comment and reasoned explanation for

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the regulatory changes established that the regulations were not arbitrary or capricious.

The panel addressed claimant's other claims in an unpublished memorandum disposition filed concurrently with this opinion.

## COUNSEL

Eitan K. Yanich (argued), Law Office of Eitan Kassel Yanich PLLC, Olympia, Washington, for Plaintiff-Appellant.

David J. Burdett (argued), Special Assistant United States Attorney; Mathew W. Pile, Associate General Counsel; Office of the General Counsel, Office of Program Litigation, Social Security Administration, Baltimore, Maryland; Rebecca S. Cohen and Kerry Keefe, Assistant United States Attorneys; Tessa M. Gorman, Acting United States Attorney; United States Department of Justice, United States Attorney's Office, Seattle, Washington; for Defendant-Appellee.

# OPINION

SANCHEZ, Circuit Judge:

Claimant Juanita L. Cross appeals the district court's decision affirming the Commissioner of the Social Security Administration's denial of her application for supplemental security income under Title XVI of the Social Security Act. She argues that the Social Security Administration's 2017 medical-evidence regulations are partially invalid, rendering the administrative law judge's ("ALJ") application of those regulations to her claim reversible legal error. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

## PROCEDURAL BACKGROUND

On January 11, 2019, Cross filed her application for supplemental security income based on her alleged disability. The Social Security Administration denied her claim on June 12, 2019 and upon reconsideration on September 11, 2019. At Cross's request, ALJ David Johnson held an administrative hearing on December 9, 2020.

In his decision on January 29, 2021, the ALJ used the five-step sequential evaluation process to find that Cross was not disabled. *See* 20 C.F.R. § 416.920. Before moving to steps four and five, the ALJ applied the Social Security Administration's governing medical-evidence regulations, considered conflicting medical opinions, and determined that Cross would have the residual functional capacity to perform a full range of work at all exertional levels in

---

[1] We address Cross's other claims in an unpublished memorandum disposition filed concurrently with this opinion.

accordance with certain restrictions. The ALJ then determined that Cross was not disabled because she would be able to perform several occupations existing in significant numbers in the national economy.

The Appeals Council denied Cross's request for review, making the ALJ's decision the Commissioner's final decision. Cross sought judicial review, and the district court affirmed the Commissioner's decision that Cross was not disabled on December 7, 2022. Cross timely appealed.

## LEGAL BACKGROUND

When determining whether a claimant is eligible for benefits, an ALJ need not take every medical opinion at "face value." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). Rather, the ALJ must scrutinize the various—often conflicting—medical opinions to determine how much weight to afford each opinion. *See id.* (citing 20 C.F.R. § 404.1527(c)(3)). For social security disability claims filed prior to March 27, 2017, an ALJ is required to assess medical opinions "based on the extent of the doctor's relationship with the claimant." *Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). "We categorized these relationships in a three-tiered hierarchy": treating physicians, examining physicians, and non-examining physicians. *Id.* A treating or examining physician's medical opinion was afforded greater deference due to his or her relationship to the claimant. *Id.* Before an ALJ could disregard the medical opinion of a treating physician, we required "specific and legitimate" reasons for doing so, based upon substantial evidence in the record. *Id.* (citation omitted).

In January 2017, the Social Security Administration issued revised regulations for evaluating medical opinions

relating to claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416). The regulations provide that ALJs will no longer "defer or give any specific evidentiary weight" to any medical opinions. 20 C.F.R. § 416.920c(a). Instead, ALJs must explain how persuasive they find the medical opinion by expressly considering the two most important factors for evaluating such opinions: "supportability" and "consistency." *Id.* § 416.920c(b)(2). The regulations define "supportability" as follows:

> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1). The regulations define "consistency" as follows:

> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(2).

An ALJ may discuss other factors, such as the medical source's "relationship with the claimant" or "specialization,"

but generally has no obligation to do so. *Id.* § 416.920c(b)(2). Only if the ALJ finds two or more contradictory medical opinions "both equally well-supported . . . and consistent with the record" must the ALJ then articulate how he or she considered these other factors. *Id.* § 416.920c(b)(3), (c)(3)–(5).

Thus, for social security disability claims filed on or after March 27, 2017, these new regulations apply. In applying these new regulations, we recently held in *Woods* that the "specific and legitimate" standard was "clearly irreconcilable" with the "intervening higher authority" of the regulations. 32 F.4th at 790 (citation omitted). Accordingly, these regulations "displace[d] our longstanding case law requiring an ALJ to provide 'specific and legitimate' reasons for rejecting an examining doctor's opinion." *Id.* at 787. Even under the revised regulations, however, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.* at 792.

## JURISDICTION AND STANDARD OF REVIEW

The district court had subject matter jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. We review de novo "[t]he ALJ's determinations of law . . . , although deference is owed to a reasonable construction of the applicable statutes." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001).

## DISCUSSION

In *Woods*, we confirmed that the 2017 regulations were irreconcilable with our prior case law, but we did not

consider whether the regulations complied with the Social Security Act or Administrative Procedure Act ("APA"). *See* 32 F.4th at 790 n.3. That issue is now squarely before us. Cross argues that the regulations are partially invalid because they do not provide a reasoned explanation for permitting an ALJ to avoid articulating how he or she accounts for the "examining relationship" or "specialization" factors under the Social Security Act or APA. *See* 42 U.S.C. § 405(b)(1) (requiring the Social Security Commissioner to explain the basis of his decision denying benefits); 5 U.S.C. § 557(c)(A) (requiring an ALJ to explain the basis of his or her findings and conclusions). We address Cross's contention in view of the requirements of each statute.

## I.  The Social Security Act

The Social Security Act empowers the Commissioner to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same . . . ." 42 U.S.C. § 405(a). This provision confers "exceptionally broad authority [on the Commissioner] to prescribe standards for applying certain sections of the Act." *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) (citation omitted). Because the Social Security Act "expressly entrusts the [Commissioner] with the responsibility for implementing a provision by regulation, our review is limited to determining whether the regulations promulgated exceeded the [Commissioner's] statutory authority and whether they are arbitrary and capricious." *Id.* (quoting *Heckler v. Campbell*, 461 U.S. 458, 466 (1983)).

The agency's broad mandate from Congress plainly encompasses the Commissioner's authority to adopt

regulations to govern the weighing of medical evidence. In *Woods*, we observed that "[t]he Social Security Act provides no guidance as to how the agency should evaluate medical evidence." 32 F.4th at 790. "The Commissioner has wide latitude 'to make rules and regulations and to establish procedures . . . to carry out [the statutory] provisions,' in particular regulations governing 'the nature and extent of the proofs and evidence . . . to establish the right to benefits.'" *Id.* (quoting 42 U.S.C. § 405(a) and citing *Yuckert*, 482 U.S. at 145).

It is true, as Cross contends, that 42 U.S.C. § 405(b)(1) requires an ALJ to explain the basis for his or her decision. But the statute does not restrict the Commissioner's authority to regulate the manner in which medical-evidence factors should be analyzed and discussed. The 2017 regulations require an ALJ to discuss the supportability and consistency of medical evidence—the factors the agency has historically found to be the most important in evaluating medical opinions—while allowing for discussion of other factors listed in paragraphs (c)(3) through (c)(5), as appropriate. 20 C.F.R. § 416.920c(a); *see* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. at 5853. Indeed, the regulations mandate discussion of these other factors when there are two or more contradictory medical opinions both "equally well-supported" and "consistent with the record." *See* 20 C.F.R. § 416.920c(b)(3). The regulations thus "fill" a "gap" "explicitly left" by Congress and are not "manifestly contrary to the statute." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984).

We hold that the Commissioner's decision to promulgate the 2017 medical-evidence regulations falls within his "wide latitude 'to make rules and regulations,'" particularly those

"governing 'the nature and extent of the proofs and evidence . . . to establish the right to benefits.'" *Woods*, 32 F.4th at 790 (quoting 42 U.S.C. § 405(a)). The 2017 medical-evidence regulations are valid under the Social Security Act.

## II. The APA

"The APA sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1905 (2020) (internal quotations marks and citation omitted). Agencies must "engage in 'reasoned decisionmaking.'" *Id.* (citation omitted). We do not "substitute [our] judgment for that of the agency" but rather "assess only whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* (internal quotation marks and citations omitted). Thus, we will "set aside" the Commissioner's rulemaking only if it was "arbitrary or capricious." *See id.* (internal quotation marks omitted) (quoting 5 U.S.C. § 706(2)(A)). In reviewing the agency's decisionmaking, we are mindful that "[a]gencies are free to change their existing policies as long as they provide a reasoned explanation for the change." *Encino Motorcars, LLC. v. Navarro*, 579 U.S. 211, 221 (2016) (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981–982 (2005); *Chevron*, 467 U.S. at 863–64).

Cross challenges the validity of the regulations under the APA because the agency did not provide a "reasoned explanation" for their adoption. Cross's opening brief fails to acknowledge the agency's published reasons for the changes and its response to public comment from its earlier notice of proposed rulemaking. *See* Revisions to Rules

Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01.

At the time, the agency explained that changes to the healthcare system since the adoption of the prior regulations in 1991, along with the agency's long experience in adjudicating disability claims, showed that "supportability" and "consistency" were the two most important factors for evaluating medical opinions. *Id.* at 5853. "Many individuals receive health care from multiple medical sources," the agency explained, "such as from coordinated and managed care organizations," and "less frequently develop a sustained relationship with one treating physician." *Id.* Supportability and consistency, according to the agency, are therefore "more objective measures that will foster the fairness and efficiency in [its] administrative process." *Id.* Moreover, the agency expressed concern that, under the former rule, courts "focused more on whether [the agency] sufficiently articulated the weight [it] gave treating source opinions, rather than on whether substantial evidence support[ed]" the agency's "final decision." *Id.* Still, the agency noted, the regulations "retain the relationship between the medical source and the claimant as one of the factors" to consider. *Id.*

The Eleventh Circuit recently held these regulations to be valid under the APA based on the agency's reasoned explanation that the regulations "help[] to 'eliminate confusion about a hierarchy of medical sources' that no longer reflects how most claimants receive health care." *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 897 (11th Cir. 2022) (quoting Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. at 5853) (evaluating 20 C.F.R. § 404.1520c). We agree. The agency's response to public comment and reasoned

explanation for the regulatory changes establishes that the regulations are not arbitrary or capricious. We join the Eleventh Circuit in holding that the regulations are valid under the APA.

## CONCLUSION

The Social Security Administration's 2017 medical-evidence regulations fall within the broad scope of the Commissioner's authority under the Social Security Act, and the agency provided a reasoned explanation for the regulatory changes, making the regulations neither arbitrary nor capricious under the APA.

**AFFIRMED**.