NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHELLI R. NELSON-ROBERTS, | No. 23-35076 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-05316-BAT |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted April 4, 2024**
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and RAYES,*** District
Judge.

Shelli R. Nelson-Roberts appeals from the district court decision affirming

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

the Commissioner of Social Security's denial of her application for social security disability insurance benefits. We affirm.

We review de novo a district court's order affirming a denial of social security benefits. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). We will reverse only if the decision of the administrative law judge ("ALJ") "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012)).

Nelson-Roberts argues that the revised regulations for evaluating the opinions of treating providers are invalid, that the ALJ improperly discounted her and her wife's testimony, that the ALJ erred by failing to discuss the observations of a Social Security Administration ("SSA") field officer, and that the ALJ erroneously evaluated certain medical opinions. She argues that these errors resulted in an erroneous residual functioning capacity and disability determination.

1. The revised regulations regarding the evaluation of treating and examining physicians, 20 C.F.R. § 404.1520c, are valid under the Social Security Act, and they are not arbitrary and capricious under the Administrative Procedure Act. *Cross v. O'Malley*, 89 F.4th 1211, 1216-17 (9th Cir. 2024).

2. The ALJ did not err in evaluating Nelson-Roberts's testimony. Absent evidence of malingering, an ALJ must provide "specific, clear, and convincing

reasons" for discounting a claimant's testimony about her symptoms. *Ahearn*, 988 F.3d at 1116 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). That standard is met here: The ALJ reasonably concluded that Nelson-Roberts's activities—including renovating her rental house, going to church, shopping, engaging in metalwork, going on vacations, taking her children to various places, and attending classes—undermined her testimony that her symptoms were completely debilitating, that she lacked motivation or concentration, and that she was unable to interact with others. The ALJ's conclusion was further supported by the statement from a previous therapist expressing concern about Nelson-Roberts's "manipulation," as well as a concern that Nelson-Roberts was "looking for social security [and] that this desire is interfering [with] treatment [and] making progress." For the same reasons, the ALJ did not err in rejecting the testimony of Nelson-Roberts's wife.

3. The ALJ was not required to specifically articulate reasons for discounting the observations of Grenier-Will, the SSA field officer. 20 C.F.R. § 404.1520c(d).

4. The ALJ did not err in evaluating the medical opinions of Dr. Godbole, Summers, and Eggsware that Nelson-Roberts's symptoms would prevent her from working. The ALJ's conclusion that these opinions were inconsistent with Nelson-Roberts's activities of daily living is supported by substantial evidence.

3

5. The ALJ did not err in evaluating the opinions of Dr. Titus and Dr. Solomon. Dr. Titus and Dr. Solomon opined that Nelson-Roberts had a fair ability to function in an unskilled (one- to two-step) work environment. The ALJ determined that these limitations were overly restrictive. Given Nelson-Roberts's daily activities, that conclusion is supported by substantial evidence.

6. The ALJ's residual functioning capacity determination is supported by substantial evidence. The ALJ did not err in evaluating any of the evidence discussed above, and Nelson-Roberts has not challenged any other aspect of that determination.

**AFFIRMED.**