NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY J. SCAVONE,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant-Appellee.

No.    23-35132

D.C. No. 3:22-cv-05328-SKV

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted April 5, 2024[**]
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and RAYES,[***] District
Judge.

Anthony J. Scavone appeals from the district court decision affirming the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

Commissioner of Social Security's denial of his application for Disability Insurance Benefits and Supplemental Security Income. We affirm.

We review de novo a district court's order affirming a denial of Social Security benefits. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). We reverse only if the decision of the administrative law judge ("ALJ") "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012)).

Scavone argues that the revised regulations for evaluating medical opinions are partially invalid, and that the ALJ improperly evaluated the opinions of Drs. Morgan and Staley,[1] failed to develop the record, and improperly rejected his and his mother's testimony. He contends that these errors resulted in an erroneous

[1] Scavone claims the ALJ failed to properly evaluate non-opinion medical evidence, but he fails to identify any specific error for review. Instead, Scavone summarizes the medical evidence he perceives as favorable and argues this evidence undermines the ALJ's evaluation of Dr. Morgan's opinion and Scavone's testimony. Scavone also claims the ALJ failed to properly evaluate the non-examining medical opinions, but the only specific argument he develops is that the ALJ improperly rejected Dr. Staley's opinion regarding his postural limitations. For reasons stated in this disposition, we conclude that there is no error in the ALJ's evaluation of Scavone's testimony or the opinions of Drs. Morgan and Staley. To the extent Scavone vaguely assigns error to the ALJ's evaluation of other medical evidence, his arguments are "too undeveloped to be capable of assessment." *Hibbs v. Dep't of Hum. Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001); *see also Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.").

2

residual functional capacity and disability determination.

1.  The revised regulations regarding the evaluation medical opinions, 20 C.F.R. § 404.1520c, are valid under the Social Security Act, and they are not arbitrary and capricious under the Administrative Procedure Act. *Cross v. O'Malley*, 89 F.4th 1211, 1216–17 (9th Cir. 2024).

2.  The ALJ reasonably discounted Dr. Morgan's opinion because it addresses a period remote from Scavone's alleged disability onset date and was considered in a prior ALJ decision that resulted in a finding that Scavone is not disabled. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

3.  The ALJ reasonably discounted Dr. Staley's opinion regarding Scavone's inability to kneel, crouch, or crawl because those postural limitations are inconsistent with the overall treatment record, including examinations that found no evidence of abnormal gait, swelling, instability, weakness, or other abnormalities in Scavone's lower extremities. *See* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) . . . is with the evidence from other medical sources . . . the more persuasive the medical opinion(s) . . . will be."); *Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022) (concluding the ALJ properly rejected a medical source opinion that was inconsistent with the objective

3

treatment record).  Regardless, the ALJ's rejection of Dr. Staley's opinion regarding Scavone's postural limitations is harmless because none of the occupations the ALJ found Scavone capable of performing involve kneeling, crouching, or crawling.  *See* 222.587-038 Router, Dictionary of Occupational Titles, 1991 WL 672123 (4th ed. 1991) (Routing Clerk); 239.567-010 Office Helper, Dictionary of Occupational Titles, 1991 WL 672232 (4th ed. 1991); 706.684-022 Assembler, Small Products I, Dictionary of Occupational Titles, 1991 WL 679050 (4th ed. 1991).

4.  The ALJ reasonably discounted Dr. Pliska's opinion because it is internally inconsistent and lacks explanation.  *See* 20 C.F.R. § 404.1520c(c)(1)–(2) (instructing the ALJ to consider supportability and consistency when evaluating medical opinions).  The ALJ's duty to further develop the record was not triggered because the record was adequate for the ALJ to evaluate the persuasiveness of Dr. Pliska's opinion.  *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."); *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (concluding the ALJ had no duty to recontact a medical source where the record was adequate to allow the ALJ to evaluate the persuasiveness of the opinion).

4

5. The ALJ provided "specific, clear, and convincing reasons" for discounting Scavone's testimony concerning the severity and effects of his symptoms. *Ahearn*, 988 F.3d at 1116 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ reasonably concluded that Scavone's daily activities—including living independently, tending to his own personal care, playing video games, driving, dining out, and socializing with friends and his daughter—undermine his allegations of debilitating symptoms. The ALJ also reasonably concluded that Scavone's more extreme claims about his symptoms and limitations are inconsistent with record evidence of generally normal physical and mental status findings and generally effective treatment, and with Scavone's ability to occasionally work part time. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *Ford*, 950 F.3d at 1156 ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled[.]"); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995))).

For the same reasons, the ALJ did not err in rejecting the testimony of Scavone's mother, which largely mirrors Scavone's own testimony concerning his symptoms and limitations.

6. The ALJ's residual functioning capacity determination and her finding that Scavone could perform other jobs in the national economy notwithstanding his limitations are supported by substantial evidence. Scavone contends that the ALJ's residual functional capacity determination is erroneous because it does not incorporate the limitations described by Dr. Morgan, Scavone, and Scavone's mother, and consequently the hypotheticals to the vocational expert failed to account for all his limitations. But the ALJ did not err in evaluating the evidence discussed above, and Scavone has not challenged any other aspect of the ALJ's residual functional capacity determination or hypotheticals to the vocational expert.

**AFFIRMED**.