**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAURIE L. LEVERING,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant-Appellee.

No.    23-35110

D.C. No. 3:22-cv-05290-SKV

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted April 1, 2024**
Portland, Oregon

Before:  OWENS and FRIEDLAND, Circuit Judges, and ORRICK,*** District
Judge.

Laurie Levering appeals the district court decision affirming the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable William Horsley Orrick, United States District Judge
for the Northern District of California, sitting by designation.

Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act ("Act"). Levering applied for disability insurance benefits in 2018, alleging disability due to fibromyalgia, osteopenia, arthritis in her hip and lower back, and depression. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

1.     The Administrative Law Judge ("ALJ") considered the requisite factors and applied the correct legal standard in evaluating the medical opinion evidence from Brooke Elliott, Levering's treating physician assistant. Under the applicable regulations, the ALJ does not "give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must weigh several factors, particularly "the extent to which a medical source supports the medical opinion" and "the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (alteration in original) (quoting 20 C.F.R. § 404.1520c(c)(2)). When rejecting a medical source's opinion, the ALJ must provide "an explanation supported by substantial evidence." *Id*. at 792.

The ALJ discounted Elliott's opinions that Levering's pain "prevents her from being able to stand for long periods of time," has been constant and difficult

to control, and has a "negative impact" on her quality of life. The ALJ did not err in discounting these opinions as not justified by any reason or identified evidence, and as inconsistent with the medical record. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (an ALJ permissibly discounted the treating physician's opinion where, among other factors, the examination notes did not include "the sort of description and recommendations one would expect to accompany a finding" of disability); *Woods*, 32 F.4th at 794 (no error where an ALJ found a medical provider's opinions of limitations "on a fill-in-the-blank questionnaire" not persuasive because they were not supported by any explanation or pertinent exam findings); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency between a physician's opinion and the medical record constitutes a "specific and legitimate reason" to discount the opinion). Elliott's opinions include little supporting explanation, and substantial evidence supports the ALJ's determination that the opinions were inconsistent with other evidence in the record, which suggested Levering's pain was fairly well controlled.

The ALJ's duty to develop the record was not triggered, despite the vagueness of Elliott's opinions, because Elliott did not support those opinions and the opinions were contradicted by other medical evidence in the record. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("[A]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the

3

record is inadequate to allow for proper evaluation of the evidence." (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001))).

And, given the other reasons for rejecting Elliott's opinions, it was at most harmless error that the ALJ discounted Elliott's opinions based on her letter being unsigned. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" (citations omitted)), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Levering's challenge to the Social Security Administration's ("SSA") revised regulations, 20 C.F.R. § 404.1520c, is foreclosed by our recent holding that "[t]he Social Security Administration's 2017 medical-evidence regulations fall within the broad scope of the Commissioner's authority under the Social Security Act, and the agency provided a reasoned explanation for the regulatory changes, making the regulations neither arbitrary nor capricious under the [Administrative Procedure Act]." *Cross v. O'Malley*, 89 F.4th 1211, 1217 (9th Cir. 2024).

2.     The ALJ provided specific, clear, and convincing reasons for discounting Levering's subjective testimony that the symptoms from her fibromyalgia and pain were disabling. Specifically, the ALJ identified: medical evidence that Levering's fibromyalgia and pain were largely controlled with

4

medications, although flare ups and side effects led to adjustments; Levering's general failure to report the severity of her symptoms to her medical providers that she reported to the SSA; and Levering's activities were inconsistent with the extent of her claimed limitations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (an ALJ may discount a claimant's testimony if the claimant's daily activities contradict the testimony); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (an ALJ may cite a lack of corroborating medical evidence as one factor in the credibility determination); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (an ALJ may discredit a claimant's subjective allegations based on "prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid").

3.     The ALJ did not err in not addressing the lay testimony of Levering's boyfriend because that testimony was duplicative of Levering's subjective testimony. If there was error, it was inconsequential and harmless. *See Molina*, 674 F.3d at 1115.

4.     The ALJ did not err in determining Levering's residual functional capacity nor did it err at step five. Levering's arguments are wholly dependent on her contentions that the ALJ improperly discounted Elliott's opinion as well as the subjective and lay testimony, and we already concluded that those contentions fail. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). For the

same reasons, the hypothetical given to the vocational expert was proper. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("The ALJ was not required to incorporate evidence from the opinions of [claimant]'s treating physicians, which were permissibly discounted."); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("[I]n hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence.").

**AFFIRMED**.