NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MELISSA M. MACDONALD,

       Plaintiff-Appellant,

  v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

       Defendant-Appellee.

No.   23-35295

D.C. No. 3:22-cv-05556-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted August 23, 2024[**]
Portland, Oregon

Before:  WALLACH,[***] CHRISTEN, and HURWITZ, Circuit Judges.

    Melissa MacDonald appeals the district court's order affirming the decision

of the Social Security Administration to deny her application for Supplemental

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Security Income (SSI). We assume the parties' familiarity with the facts and recite them only as necessary. We review de novo a district court's order affirming a denial of SSI benefits and reverse when the agency's decision is not supported by substantial evidence or is based upon legal error. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      Substantial evidence supports the administrative law judge's (ALJ) decision to discount Dr. Kimberly Wheeler's 2021 evaluation. "ALJs must explain how persuasive they find [a] medical opinion by expressly considering the two most important factors for evaluating such opinions: 'supportability' and 'consistency.'" *Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024) (quoting 20 C.F.R. § 416.920c(b)(2)). The ALJ properly discussed both factors, and the record supports his conclusion that the marked limitations identified by Dr. Wheeler were inconsistent with some of MacDonald's activities and with the less severe limitations shown by other medical evidence.

Substantial evidence also supports the ALJ's decision to discount MacDonald's subjective testimony about the severity of her physical and mental symptoms. Because the ALJ concluded that MacDonald's medically determinable impairments could reasonably be expected to cause her alleged symptoms, the ALJ was permitted to reject MacDonald's "testimony regarding the severity of her

2

symptoms only if he ma[de] specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

2. As to MacDonald's physical impairments, "the ALJ cited specific, clear, and convincing examples across a multi-year period contrasting [MacDonald's] subjective pain testimony with objective medical evidence." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). As to MacDonald's mental impairments, MacDonald's "daily activities provide substantial evidence to support the ALJ's decision," and the ALJ's thorough review of the medical evidence "support[s] a finding that [MacDonald's] limitations were not as severe as [s]he claimed." *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021).

3. The evidence MacDonald submitted to the SSA Appeals Council does not change the result. To the extent MacDonald's declaration and new medical evidence "relate[] to the period on or before the ALJ's decision," they do not undermine the substantial evidence supporting the ALJ's decision to discount Dr. Wheeler's opinion and MacDonald's subjective testimony. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012).

**AFFIRMED.**