NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SETH W. HOEGEMEYER, | No. 24-1440 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-05339-GJL |
| v. | |
| LELAND DUDEK, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted March 31, 2025**
Portland, Oregon

Before: LEE and FORREST, Circuit Judges, and BENCIVENGO, District Judge.***

Seth Hoegemeyer appeals the denial of social security benefits under Title II

of the Social Security Act after an administrative law judge (ALJ) found that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

Hoegemeyer's residual functional capacity (RFC) enabled him to participate in jobs existing in a significant number in the national economy. We assume the parties' familiarity with the facts and do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the ALJ's findings of fact for substantial evidence. 42 U.S.C. § 405(g); *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022) (citation omitted). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

1.      ***RFC Finding.*** When considering a claimant's RFC, the ALJ must consider all the evidence in the record, including the medical evidence and the "descriptions and observations" from the claimant and lay witnesses. *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017); *see also* 20 C.F.R. § 404.1545(a)(3). Hoegemeyer argues that the ALJ erred by discounting several pieces of medical evidence, his own testimony, and his ex-wife's testimony. We disagree.

(a)     <u>Dr. Price's Opinion.</u> "[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022); *see also* 20 C.F.R. § 404.1520c(c). The ALJ explained why Dr. Price's opinion was "not persuasive," "not well supported," and "inconsistent with the

evidence of record." Having reviewed the ALJ's reasoning and the record, we conclude that the ALJ's explanation was supported by substantial evidence.

(b) <u>Non-Examining Psychologists.</u> Hoegemeyer asserts that the ALJ erred by not discounting the opinions from certain non-examining psychologists to the extent they were inconsistent with other medical evidence in the record. It is clear that the ALJ treated these opinions as only "somewhat persuasive." We cannot say the ALJ erred in giving these opinions the little weight he did.

(c) <u>VA Disability Determination.</u> Hoegemeyer asserts that 20 C.F.R. § 404.1520c(a), which forbids the ALJ from giving controlling weight to a disability finding from the Veterans Administration, is invalid under the Social Security Act.[1] We disagree. While the Act requires an ALJ to base its decision on "evidence adduced at the hearing," 42 U.S.C. § 405(b)(1), it also allows the Commissioner to "regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits." *Id.* at § 405(a). We have held that this provision authorizes the Commissioner "to adopt regulations to govern the weighing of medical evidence." *Cross v. O'Malley*, 89 F.4th 1211, 1215 (9th Cir. 2024). The regulation at issue is consistent with that authority.

---

[1] Hoegemeyer also briefly asserts that the regulations are arbitrary and capricious. He does not develop this argument, so we treat it as forfeited. *See Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1179 n.8, 1182 (9th Cir. 2001).

(d)     Claimant's Testimony. Once an ALJ has determined that "the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged,'" he can "reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (citations omitted). Pointing to "the routine course of mental health treatment, the reports of symptoms being at least in part from situational stress including his divorce and the [COVID-19] pandemic, the limited reports of intrusive thoughts or panic attacks, [and] the multiple reports of improved symptoms," among other things, the ALJ concluded that Hoegemeyer's impairments were not of such intensity or persistence that they would limit his work-related activities. We conclude that the ALJ satisfied its obligation to cite specific, clear and convincing reasons for rejecting Hoegemeyer's testimony. Accordingly, we do not reach the Commissioner's argument that the clear-and-convincing-reasons standard conflicts with the substantial-evidence standard.

(e)     Ex-Wife's Testimony. Hoegemeyer argues that the ALJ erred by failing to provide germane reasons for disregarding his ex-wife's testimony. Recently, we overruled the germane-reasons standard. *Hudnall v. Dudek*, --- F.4th ---, 2025 WL 729701, at *3 (9th Cir. Mar. 7, 2025). In any event, the ALJ did state that its reasons for rejecting Hoegemeyer's ex-wife's testimony were the same as its reasons for

rejecting his own testimony. Accordingly, the ALJ did not fail to explain why he rejected Hoegemeyer's ex-wife's testimony.

2. ***Step-Five Finding.*** Hoegemeyer's challenge to the ALJ's step-five finding depends entirely on his challenge to the ALJ's RFC determination. Therefore, we reject this argument for the same reasons explained above.

**AFFIRMED.**