NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL WALLS,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-4342

D.C. No.
3:23-cv-06112-BAT

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Argued and Submitted July 10, 2025
Seattle, Washington

Before: McKEOWN, PAEZ, and SANCHEZ, Circuit Judges.

Daniel Walls appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  We have jurisdiction under 28

U.S.C. § 1291.  We reverse and remand.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

1. *Dr. Novotney's Medical Opinion*: The ALJ offered three reasons for finding Dr. Novotney's opinion unpersuasive: first, the opinion "appears distinctly inconsistent with previous statements by this provider"; second, the opinion was "more consistent with [Walls's] malingering behaviors" because "[a]t this visit . . . [Walls] presented with a slightly antalgic gait . . . and was using a cane"; and third, the opinion was "inconsistent with Dr. Novotn[e]y's treatment notes and the longitudinal record."

The ALJ's decision, however, rests in large part on a misstatement of the record. The ALJ mistakenly believed that Dr. Novotney's opinion was inconsistent with his own treatment notes. But there was no internal inconsistency—the opinion attributed to Dr. Novotney was actually Dr. Geffen's opinion, and Dr. Novotney's opinion regarding Walls's limitations was entirely consistent with his statement that the MRI results showed "notable degenerative changes throughout the spine" and other noted sources of Walls's pain. While the ALJ is entitled to find Dr. Novotney's evaluation less persuasive than Dr. Geffen's,

we are constrained to review the reasons provided by the ALJ for his decisions, and because of the ALJ's error, he never considered whether or explained why Dr. Geffen's assessment would be more persuasive than Dr. Novotney's in light of the 20 C.F.R. § 416.920c(c) factors. *See Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024).

This error also affected the ALJ's opinion that Walls exhibited malingering behavior. As a basis for his finding, the ALJ found suspicious that Walls presented with a cane only twice and both times before doctors from whom Walls sought a medical statement in support of his disability application. But Walls did not present with a cane when he met with Dr. Novotney, and there is no evidence that Walls ever sought or received a statement in support of his disability application from Dr. Geffen. Thus, a key premise underlying the ALJ's reasoning is infirm.

Because the final basis for the ALJ's decision—a general statement that Dr. Novotney's opinions are inconsistent with his "treatment notes and the longitudinal record"—does "not provide enough 'reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence,' we cannot treat the error as harmless." *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (citation omitted).

To the extent the ALJ was referring to Walls's "unremarkable" physical examinations during his various doctor's visits discussed elsewhere in the ALJ's

24-4342

decision, that evidence does not constitute substantial evidence to reject Dr. Novotney's medical opinion wholesale. The ALJ never explained how exhibiting a normal gait or no deformities during a routine doctor's visit undermines Dr. Novotney's opinion that Walls cannot, because of his severe obesity and neuropathic pain, stand for more prolonged periods of time or sit for more than 30 minutes without feeling numbness.[1] We therefore conclude that the ALJ's rejection of Dr. Novotney's medical opinion was erroneous and must be remanded for further consideration.

2. *Medical Opinions and Walls's Subjective Pain*: The ALJ also erred in rejecting certain medical opinions and Walls's subjective reports of pain because he improperly conflated different sources of Walls's pain. For example, the ALJ found Walls's statements—as well as A.R.N.P. Albertin's and Dr. Novotney's opinions—about standing and sitting limitations at odds with "benign" imaging results. But a benign MRI of one's back is "not responsive to" and does not contradict statements of foot and leg pain due to morbid obesity and diabetic neuropathy. *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007); *see Lambert*, 980 F.3d at 1277 (requiring the ALJ to "specifically identify the testimony" from a claimant he finds to be not credible and "explain what evidence undermines that

---

[1] The ALJ held that Walls could at minimum, stand or walk for two hours in an eight-hour workday and could occasionally climb stairs or ramps.

testimony"). Dr. Novotney, A.R.N.P. Albertin, and Walls all noted that a key source of Walls's sitting and standing limitations was foot and leg pain due to his morbid obesity and diabetes. Throughout his decision, the ALJ never considered the different sources of pain separately.[2]

The purported inconsistency between Walls's descriptions of daily activity and his allegations of "total disability" cannot independently support the ALJ's decision to discredit Walls's reports of pain. Setting aside that Walls need not show total disability, activities that do not contradict a claimant's other testimony or meet the threshold for transferable work skills cannot support discrediting a claimant's symptom testimony. *See Orn*, 495 F.3d at 639. As the district court explained, the "ALJ did not explain how these statements, which contained no indication of how frequently or vigorously plaintiff engaged in these activities, contradicted plaintiff's testimony."

The ALJ also pointed to instances of Walls's noncompliance with medical treatment in February 2022 to undermine his subjective symptom testimony. This does not constitute substantial evidence that Walls's foot and leg pain symptoms were not as severe as he testified or reported. Most importantly, there is no evidence that the medications at issue were part of the treatment plan for Walls's

---

[2] We also note that notwithstanding the imaging results, Dr. Geffen noted that the back pain "could potentially be discogenic pain." He also recommended a hip injection because of potentially moderate hip arthritis.

neuropathic or other pain.[3]

We cannot conclude that these errors did not affect the ALJ's assessment of Walls's sitting and standing pain symptoms, so remand is required for reconsideration. The ALJ acknowledged that it is not "one inconsistency in particular that undermines the claimant's symptom reports" but their combination. But the bulk of these purported inconsistencies either involve the conflation of different causes of pain, the ALJ's misattribution of Dr. Geffen's medical statements to Dr. Novotney, or are otherwise infirm.

For the above reasons, we **REVERSE and REMAND** with directions to remand this matter to the Commissioner for further proceedings consistent with this disposition.

---

[3] There is also no indication that the ALJ considered, as is required by our precedent, Walls's reasons for noncompliance or made any finding that his noncompliance was inadequately explained. *See Trevizo v. Berryhill*, 871 F.3d 664, 680 (9th Cir. 2017). The treatment notes that the ALJ cited stated that Walls was not compliant with treatment for his heart condition because he was frustrated with being restricted from taking anything by mouth. The record also shows that, on prior occasions, Walls reported that metformin, a diabetes medication, caused him chronic diarrhea. The ALJ never mentioned or discussed either of these potential explanations.