**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 9 2026

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE BRANDON, | No. 24-3097 |
| Plaintiff - Appellant, | D.C. No.<br>3:23-cv-00111-JMK |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Submitted May 29, 2026**

Before: RAWLINSON, H.A. THOMAS, and MENDOZA, Circuit Judges.

Michelle Brandon appeals the district court's order affirming the Social

Security Administration's ("SSA") denial of her disability-benefits claim.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's order.

"A district court's decision affirming an [Administrative Law Judge's

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("ALJ")] denial of benefits is reviewed de novo," while the ALJ's denial "is reviewed for substantial evidence or legal error." *Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022). Substantial evidence "must be more than a mere scintilla but may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1110–11 (9th Cir. 2012) (citation modified), *superseded by regulation on other grounds*. "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Smartt v. Kijakazi*, 53 F.4th 489, 494, (9th Cir. 2022) (citation modified).

    1.    Brandon first argues that the ALJ "failed to provide sufficient reasons supported by the record for rejecting" Dr. Michael Kushner's evaluation of her disability. "An ALJ is not required to take medical opinions at face value, but may take into account the quality of the explanation when determining how much weight to give a medical opinion." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). For claims filed before March 27, 2017, ALJs consider a number of factors when evaluating medical opinions including whether the source examined the claimant, the length of the relationship, and whether the opinion is consistent with the record as a whole. 20 C.F.R. § 416.927(c).[1]

    Here, the ALJ gave "some weight" to Dr. Kushner's opinion but noted that he "had a limited understanding of the overall diagnostic picture on which to form

---

[1] Brandon filed her claim on August 9, 2011.

an opinion because he saw the claimant on a single occasion and reviewed no treatment notes or other records." The ALJ found that Dr. Kushner's findings were at times internally inconsistent and dismissed his statement that Brandon's symptoms would "significantly interfere" with her daily functioning as vague and "equivocal." The ALJ appropriately considered Dr. Kushner's limited relationship with Brandon, noted the inconsistencies in his assessment, and parsed an equivocal statement. Thus, the ALJ did not err by giving Dr. Kushner's opinion only "some weight."

2.      Brandon also argues that the ALJ committed legal error by "substitut[ing] his own *ad hoc* legal standards" when evaluating her claim and "did not apply legal standards in evaluating the evidence." She explains that her claim was filed in 2011, so a "different set of rules would apply." It is true that the SSA has "issued revised regulations for evaluating medical opinions relating to claims filed on or after March 27, 2017." *Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024) (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017)). But Brandon does not articulate how the ALJ misapplied legal standards beyond pointing out that these revised regulations exist. "Arguments made in passing and inadequately briefed are waived." *Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009). We therefore do not further consider this argument.

3.      Brandon asserts that the ALJ erred by finding that she has no past relevant work experience.  But even if there was error here, the ALJ's ultimate disability finding did not hinge on Brandon's work history.  Because "the ALJ's error, if any indeed existed, was inconsequential to the ultimate nondisability determination," we need not consider it further.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

4.      Finally, Brandon disagrees with the ALJ's ultimate nondisability finding.  This argument also falls short.  As discussed above, "the Social Security Administration's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence."  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Here, the ALJ's conclusion that Brandon does not have a disability within the meaning of the Social Security Act is supported by treatment notes from various medical providers and Brandon's own testimony.  This altogether clears the "more than a mere scintilla" bar required to affirm.  *Molina*, 674 F.3d at 1110–11 (citation modified).

**AFFIRMED.**