**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEANA EILEEN STARKWEATHER, | No. 25-2253 |
| Plaintiff - Appellant, | D.C. No. 3:24-cv-05483-SKV |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted June 9, 2026**
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

Jeana Eileen Starkweather appeals the district court's order affirming the

denial by an Administrative Law Judge (ALJ) of her application for Social

Security Administration disability benefits. We assume the parties' familiarity

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

with the facts and recite them only as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's order affirming the ALJ's denial of social security benefits to determine whether the agency's decision is not supported by substantial evidence or is based upon legal error. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). We affirm.

1.      Substantial evidence supports the ALJ's decision to discount Dr. Andrew Manista's 2018 physical assessment form. "ALJs must explain how persuasive they find [a] medical opinion by expressly considering the two most important factors for evaluating such opinions: 'supportability' and 'consistency.'" *Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024) (quoting 20 C.F.R. § 416.920c(b)(2)). The ALJ properly discussed both factors.

Starkweather claims that the ALJ erred because he incorrectly stated that before Dr. Manista treated Starkweather in 2018, the last time he examined her was in 2015, while the record includes treatment notes from an appointment in 2016, Starkweather also contends the ALJ erred by considering the sporadicity of her medical visits without taking into account that she was uninsured for periods of time and medical treatments imposed significant stress on her personal finances.

We agree that the ALJ overlooked Starkweather's 2016 visit with Dr. Manista and that the ALJ should have considered that Starkweather may not have pursued treatment because she was unable to afford it. SSR 16-3p, 82 Fed. Reg.

49462, 49466 (Oct. 25, 2017). But we find those errors harmless. Even if the ALJ's erroneous reasons for finding Dr. Manista's assessment unpersuasive are excluded, substantial evidence supports the ALJ's conclusion that Dr. Manista's assessment was contrary to the physical examination records dated closer to the date last insured, which found Starkweather "in no acute distress, with a normal gait, and with no deficits in strength or sensation." *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (explaining that an error is harmless "so long as there remains substantial evidence supporting the ALJ's conclusions" (citation modified)). Substantial evidence also supports the ALJ's conclusion that the assessment was not supported by Dr. Manista's own treatment notes, which reported mostly normal findings and lacked any upper-extremity findings.[1]

2.      Starkweather forfeited her arguments that the ALJ improperly discounted her testimony, did not properly evaluate her residual functional capacity, and erred at step five by posing an inadequate hypothetical to the vocational expert because she failed to raise these arguments to the district court.

---

[1] Starkweather also argues that if the 2017 regulations relieve the ALJ of the duty to "*fully* articulate *how* he is weighing the medical opinion" of a treating doctor—including consideration of factors such as the doctor's relationship with the claimant—the regulations are invalid because the Social Security Act requires that a claimant receive a decision with an explanation of the reasons upon which it is based. Our decision in *Cross*, 89 F.4th at 1216, forecloses this argument.

*See Smartt v. Kijakazi*, 53 F.4th 489, 500–01 (9th Cir. 2022). We therefore do not address them.

**AFFIRMED.**