NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALAN L. HA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MICHELLE KING,[*] Acting Commissioner of Social Security, <br><br> Defendant - Appellee. | No. 23-3383 <br><br> D.C. No. 5:22-cv-02665-VKD <br><br> MEMORANDUM[**] |

Appeal from the United States District Court
for the Northern District of California
Virginia Kay DeMarchi, Magistrate Judge, Presiding

Submitted February 4, 2025[***]
San Francisco, California

Before: McKEOWN, FORREST, and SANCHEZ, Circuit Judges.

Claimant Alan Lung Ha ("Ha") appeals the district court's decision

---

[*] Michelle King is substituted as Acting Commissioner of the Social Security Administration pursuant to Fed. R. App. P. 43(c).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirming the administrative law judge's ("ALJ's") denial of his application for disability benefits. "We review the district court's order affirming the ALJ's denial of social security benefits de novo, and we will not overturn the Commissioner's decision 'unless it is either not supported by substantial evidence or is based upon legal error.'" *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (citation omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The ALJ gave specific and legitimate reasons for discounting the medical opinion of Ha's treating physician, Dr. Luu.[1] As to Ha's asserted mental health limitations, the ALJ found that Dr. Luu's opinion of Ha's "severe major depression" and inability to concentrate and perform daily activities was not supported by Dr. Luu's own treatment notes, which revealed "no significant mental status findings." Dr. Luu's conclusions were also contradicted by the opinions of other physicians and medical records showing Ha's "substantially normal mental status and psychiatric findings," intact cognitive ability, and no severe mental impairment.

---

[1] Because Ha filed his claim before March 27, 2017, the Commissioner's revised regulations concerning the evaluation of medical evidence based on supportability and consistency factors do not apply here. *See Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024). Therefore, the ALJ must provide "specific and legitimate" reasons before discounting evidence from a treating physician. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

The ALJ further found that Dr. Luu's opinion regarding the severity of Ha's physical limitations was not supported by his treatment notes, which had "no documentation of the claimant's range of motion, neurological findings, or motor strength." The ALJ also noted that Dr. Luu's conclusions were contradicted by objective clinical findings and the opinions of other physicians who determined that Ha had a normal range of motion and motor strength. *See Ford*, 950 F.3d at 1154 ("A conflict between a treating physician's medical opinion and his own notes is . . . a specific and legitimate reason for rejecting it."); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

2. Rejection of a claimant's testimony requires clear and convincing reasons. *Garrison v. Colvin*, 759 F.3d 995, 1014–15, 1015 n.18 (9th Cir. 2014). Contrary to Ha's testimony about the intensity of his symptoms, the ALJ found that Ha's physical examinations showed substantially normal gait and range of motion. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." (citation omitted)). The ALJ also found Ha's alleged severe symptoms inconsistent with reports of his admitted daily activities. *See id.* at 499–500 (affirming denial of benefits where claimant's subjective symptom testimony was

23-3383

inconsistent with daily activities).  Ha reported no history of diabetic complications, and as late as February 2016, Ha declined treatment for his diabetes.  *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a) (holding that claimant's failure to assert a good reason for not seeking treatment can cast doubt on the sincerity of the claimant's pain testimony).  Thus, the ALJ identified clear and convincing reasons to discount the severity of Ha's alleged symptoms.

3. The ALJ did not err in discounting lay witness testimony.  "An ALJ need only give germane reasons for discrediting the testimony of lay witnesses. Inconsistency with medical evidence is one such reason."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citation omitted).  Here, the ALJ found that the lay witness's report did not warrant further residual functional capacity ("RFC") limitations "given the context of the objective medical findings and other evidence of record."  Moreover, as stated above, the ALJ gave clear and convincing reasons for discounting Ha's subjective symptom claims, and those reasons apply with equal force here because the lay witness's report contains similar claims regarding Ha's symptoms.  *See Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (noting that clear and convincing reasons to reject claimant's testimony apply with equal force to lay witness testimony).

4. Substantial evidence supports the ALJ's finding at step four of the

disability evaluation process. Ha argues that the ALJ erred when he found a mild mental limitation but failed to consider a corresponding functional restriction during the RFC determination. But our decision in *Woods* forecloses that argument. *See* 32 F.4th 785. In *Woods*, we rejected a similar argument where the claimant failed to specify what evidence the ALJ did not consider or explain in support of the ALJ's RFC determination. *Id.* at 794. The ALJ here considered the evidence and addressed the Paragraph B criteria and found that Ha had no more than mild limitations.

Ha also argues that the ALJ's RFC finding that allowed standing for only six hours was inconsistent with his past relevant work, which required him to stand for eight hours. But Ha's previous work experience does not demonstrate error in the RFC finding because he is not disabled if he can perform his past work "as . . . is generally performed in the national economy." *See Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) (citation omitted); *Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) ("'Medium work' is a term of art in disability law with a well-established meaning" that includes a limitation of "standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday.").

Ha contends that the ALJ's finding is also inconsistent with the vocational expert's testimony acknowledging that "some medium occupations require more than 6 hours of standing and walking in an 8-hour day." We disagree. The ALJ

permissibly relied on the vocational expert's response to hypothetical questions, and the hypotheticals explicitly incorporated Ha's six-hour standing and walking limitation. Moreover, the ALJ's questioning of the vocational expert expressly highlighted Ha's six-hour standing and walking limitation. Therefore, substantial evidence supports the ALJ's decision at step four.

**AFFIRMED**.